CRISTY v. THE BANCO TERRITORIAL Y AGRÍCOLA.

APPEAL from the District Court of Mayagüez.

No. 35.—Decided December 17, 1906.

APPEAL—ALLEGATIONS—DEMURRER—ANSWER.—Where questions of fact and of law are raised on demurrer, and by the answer, and where it does not appear from the transcript of the record what was the decision of the demurrer, the fact that the hearing was proceeded to and the questions of fact decided, is sufficient to warrant the presumption that the questions of law were duly disposed of.

ID.—WANT OF JURISDICTION AND CAUSE OF ACTION.—Objections based on the ground that the court is without jurisdiction and that the plaintiff is without a cause of action cannot be deemed to have been waived by the defendant, and the appellate court may consider the same although not raised by demurrer or answer.

MORTGAGE—IMPROVEMENTS.—A mortgage directly subjects the property upon which it is constituted, no matter who the possessor may be, to the compliance of the obligation. for the security of which it was constituted, and among other improvements the planting of crops, although not mentioned in the contract, provided they belong to the owner, are deemed to be mortgaged together with the property.

ID.—In the case at bar, A mortgaged to B a property devoted to the raising of pasture, and subsequently sold to C, who planted the land to cane, and later the deed of sale executed by A to C was rescinded and the property reverted to A, who assigned his rights in the cane plantation to D. Under these circumstances the mortgage creditor commenced foreclosure proceedings and D alleges that the cane plantation cannot be deemed to be subject to the mortgage and demands damages by reason of the seizure of the cane plantation by the mortgage creditor. It was *held:* That, according to the foregoing doctrine, from the moment that C planted the canes they were subjected to the mortgage, and so continued upon the rescission of the sale made by A to C, and for this reason D is without a right of action to recover for damages occasioned by the execution creditor.

The facts are stated in the opinion.

*Mr. Díaz Navarro* for appellant.

*Mr. Juan de Guzmán Benítez* for respondent.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

This action was initiated by a complaint filed in the District Court of Mayagüez on February 17, 1905, by Alfredo Cristy y Vanel, against the Banco Territorial y Agrícola de Puerto Rico, wherein it was prayed that a tract of sugar-cane covering 24 *cuerdas* of the "Carmelita" Plantation be declared to belong to the plaintiff, and consequently that the defendant be adjudged to return to the plaintiff said *cuerdas* of sugar-cane, or in lieu thereof, the sum of $6,060, with interest and the costs.

The following facts are alleged in said complaint:

"First. By deed executed in San Juan, P. R., on April 2, 1901, before Notary Santiago R. Palmer, Felipe Cuebas y Arredondo mortgaged to the Banco Territorial y Agrícola de Puerto Rico, an estate belonging to him called the 'Carmelita' Plantation, used for pasture purposes, described in the first statement of facts in said deed.

"Second. By deed executed before Notary R. Ulpiano Colon, January 21, 1904, Felipe Cuebas y Arredondo sold the 'Carmelita' Plantation, mentioned in the first allegation of his complaint, to

Francisco Antongiorgi and Maria de los Angeles Franceschi, who planted thereon 30 *cuerdas* of sugar-cane.

"Third. By deed executed in this city on May 17, 1904, before the Notary Alberto Salicrup, substituting Notary R. Ulpiano Colón, Francisco Antongiorgi, in his own right, and on behalf of Maria de los Angeles Franceschi, and Felipe Cuebas Arredondo, in his own right, rescinded the purchase and sale mentioned in the second allegation hereof, in the form, and under the terms and conditions set forth in said deed of rescission; and of this deed I attach a copy, under No. 2.

"Fourth. By deed executed on May 17, 1904, before Alberto Salicrup, the notary substituting Notary R. Ulpiano Colón, the plaintiff acquired of Felipe Cuebas y Arredondo the 30 *cuerdas* of sugar-cane upon the 'Carmelita' Plantation, described in the second allegation of this complaint.

"Fifth. Under these circumstances, the Banco Territorial y Agrícola de Puerto Rico, brought an action against Felipe Cuebas y Arredondo to recover on the mortgage described in the first statement of facts; the proceedings having been prosecuted, the mortgaged 'Carmelita' Plantation, was awarded to it; the bank asked that it be given possession; the lessee of said plantation objected to such possession; the court ordered that the possession requested be given the bank; an appeal was taken from this decision; the bank applied for the appointment of a receiver; the appointment was made; and now the 'Carmelita' Plantation is under the charge and custody of the receiver appointed at the petiton of the bank, and the plaintiff is deprived of the right to cut and sell the sugar-cane belonging to him growing on the 'Carmelita' Plantation.

"Sixth. Although according to the deed, the sugar-cane planted belonging to the petitioner, covers an area of 30 *cuerdas*, its actual area is only 24 *cuerdas*.

"Seventh. Said sugar-cane is now ready to be cut.

"Eighth. Each *cuerda* of said sugar-cane produces 45 tons; and as each ton of sugar-cane gives a net profit of $4.50, each *cuerda* gives a net profit of $200.50; and as there are 24 *cuerdas* the indemnity for which is involved, they give a total net profit of $4,860, to which is to be added the value of the rattoons of said 24 *cuerdas,* or $1,200. Total amount of the claim, $6,060; and

"Ninth. The Banco Territorial y Agrícola in taking possession of the 24 *cuerdas* of sugar-cane described in this complaint, has caused damage to the plaintiff in the sum of $6,060."

The Banco Territorial y Agrícola demurred to the complaint on the sixth subdivision of section 105 of the Code of Civil Procedure—that is to say, that the complaint did not state facts sufficient to constitute a cause of action, basing its argument upon the following allegations:

"The plaintiff acknowledges that Felipe Cuebas Arredondo, the owner of the 'Carmelita' Plantation, mortgaged it to the Banco Territorial y Agrícola, by public deed executed before Notary S. R. Palmer, on April 2, 1901, which he attaches; and that for the recovery of the amount of this mortgage the bank prosecuted an action until the estate was awarded to it and a receiver appointed, who is the present possessor of the estate and the sugar-cane, until the opposition made by the lessee of the property is decided. He also recognizes that the right which he alleges to such sugar-cane is based upon a deed which he submits, executed before the notary substituting Notary R. Ulpiano Colón, on May 7, 1904, by which Felipe Cuebas, the owner of said sugar-cane planted on the 'Carmelita' Plantation, sold it to Alfredo Cristy in payment of $1,350, as part of the $3,000 which he owed him, which deed is not recorded in the registry, nor is it even recordable with respect to said sugar-cane. This being the case, it is evident that the title of Cristy cannot prejudice the bank, which has had its mortgage on the estate recorded for some years. The plaintiff may have a right of action against Felipe Cuebas Arredondo for the $1,350 for which he sold said sugar-cane, but he has no action against the bank, which did not agree to nor take part in said contract and which, on the other hand, has a prior recorded property right therein. Assuming, therefore, that the facts alleged in the complaint were admitted, as presented, it is very clear that no cause of action can be derived therefrom against the defendant. This exception constitutes, therefore, a question of law, which is covered, without doubt, by the provisions of the Mortgage Law and the Civil Code in force."

The record does not show the decision of the District Court of Mayagüez on this demurrer, but does show that answer was made to the complaint on October 22, 1908, the 21st of February of the current year being set for the trial, at which, after the allegations and evidence of the parties had been heard, judgment was rendered on the following 6th of March,

holding that the law and the facts were in favor of the plaintiff, and consequently ordering that the latter recover from the defendant the product or value of the planted sugar-cane in question, amounting to the sum of $1,750, after deducting therefrom the amounts invested by the bank in the maintenance and care of said plantings, and that the defendant pay the costs, against whose property execution would issue to satisfy the judgment.

Counsel for the bank took an appeal from this judgment, which, after the written and oral allegations of both parties had been heard, is now pending the decision of this Supreme Court.

As we have said, the record does not show the decision rendered on the demurrer filed by the defendant banking company, but the fact that the trial was held upon answer to the complaint shows that in this case the demurrer was overruled by the Mayagüez court, this being affirmed as it is by both parties in the written briefs submitted for our consideration.

In view of the fundamental facts of the complaint let us determine whether or not the demurrer should have been sustained, inasmuch as according to section 109 of the Code of Civil Procedure the objection to the jurisdiction of the court and the demurrer, based on the ground that the complaint does not state facts sufficient to constitute a cause of action, cannot be considered to have been waived by the defendant, and may, therefore, be considered by the court, even on the assumption that said objections were not made by demurrer nor in the answer to the complaint.

In the facts from which the plaintiff seeks to derive his right of action, we do not find a single one from which it can be deduced that the sugar-cane plantings in question are not covered by the mortgage constituted by Felipe Cuebas y Arredondo in favor of the Banco Territorial y Agrícola de Puerto Rico upon the "Carmelita" Estate belonging to him, in which said plantings were made.

If the "Carmelita" Estate on April 2, 1901, when the mortgage was constituted, was devoted to pasturage, and subsequently the sugar-cane was planted by Francisco Antongiorgi and María de los Angeles Franceschi, who purchased said estate from Felipe Cuebas y Arredondo by public deed of January 21, 1904, and if by another public deed of March 17 of the same year Antongiorgi and Mrs. Franceschi rescinded the·contract of purchase and sale, Cuebas again becoming the owner of the estate with its improvements and plantings according to the third clause of said deed, which is attached to the complaint, there is no doubt but that the plantings of sugar-cane became covered by and subject to the mortgage previously constituted in favor of the Banco Territorial y Agrícola, in pursuance of the very clear provisions of the second subdivision of article 111 of the Mortgage Law, which provides that they shall be considered as mortgaged together with the estate, although not mentioned in the contract, provided they belong to the owner, among other improvements, those consisting of new plantings.

When Antongiorgi and Mrs. Franceschi acquired the "Carmelita" Plantation they acquired it with the mortgage thereon, because according to article 105 of the Mortgage Law, concordant with section 1777 of the Civil Code in force, which is a reproduction of article 1876 of the Code in force when the mortgage was constituted, such mortgage directly and immediately subjects the property on which it is imposed, whoever the possessor thereof, to the fulfillment of the obligation for the security of which it was constituted, and, therefore, upon Antongiorgi and Mrs. Franceschi having planted the sugar-cane, such plantings became mortgaged, and the estate and plantings continued subject to said mortgage when they were acquired by Felipe Cuebas by the rescission of the contract of purchase and sale.

The sugar-cane plantings becoming subject to the mortgage as they did together with the "Carmelita" Plantation when they were acquired by the plaintiff from Felipe Cuebas

y Arredondo, they remained subject to the same mortgage by virtue of the legal provisions cited, and such plantings had to follow the same fate as the "Carmelita" Plantation in the proceedings prosecuted by the Banco Territorial y Agrícola against Felipe Cuebas for the recovery of the indivisible mortgage, which of necessity included both the real estate and the plantings.

The "Carmelita" Plantation having been awarded to the bank in payment of its claim, it exercised its legal rights in applying for and obtaining the possession thereof and praying for the appointment of a receiver, and if the plaintiff was thereby deprived of cutting and selling the sugar-cane which he bought of Felipe Cuebas, said firm is not responsible for the damage which may have been caused him, whatever may be the liability of the vendor Cuebas, which we do not discuss in this action.

For the reasons stated, the judgment appealed from should be reversed on account of the complaint not stating facts sufficient to constitute a cause of action, with the costs against the plaintiff and respondent, Alfredo Cristy y Vanel.

*Reversed.*

Justices Figueras and Wolf concurred.

Chief Justice Quiñones and Justice MacLeary did not take part in the decision of this case.